BANCO TERRITORIAL Y AGRÍCOLA *v.* CUEVAS.

APPEAL from the District Court of Mayagüez.

No. 11.—Decided June 9, 1905.

APPEAL—MORTGAGE—SUMMARY FORECLOSURE PROCEEDING—POSSESSION OF PROPERTY FORECLOSED UPON.—An order made in a summary foreclosure proceeding directing the marshal to place the purchaser of the property sold at public auction in possession thereof, is not an appealable order according to the provisions of section 295 of the Code of Civil Procedure.

ID.—The summary foreclosure proceeding cannot be suspended by means of incidental questions or appeals of any nature whatsoever, taken by the interested parties, except in those cases expressly provided for by article 175 of the Regulations for the execution of the Mortgage Law.

The facts are stated in the opinion.
*Messrs. Acuña and Méndez* for appellant.
*Mr. Juan Guzmán Benítez* for respondent.
Mr. JUSTICE FIGUERAS delivered the opinion of the court.

As all the facts in this case are set forth in the judgment of the Mayagüez court, from which this appeal is taken, for the sake of clearness it is transcribed in full. The judgment reads as follows:

"In considering this motion it must be stated in the first place that the decision thereof does not involve any declaration or rights, nor can the court make any declaration affecting the better right to possession, which each of the contending parties claims, for the reason that such declaration or decisions of substantive rights must be the result of

proceedings prosecuted through all legal stages until final judgment is rendered.

"In this case the decision of the court has merely the force of an intermediate or interlocutory decree, constituting a mere order, by such being understood, according to section 315 of the Code of Civil Procedure, every direction of a court or judge made or entered in writing, and not included in a judgment; and an application for an order of this character is a motion, in accordance with the legal provision cited, the procedure to obtain it being of a summary character.

"After making this explanation, the following should be stated as facts: The Banco Territorial y Agícola, as the result of a summary proceeding for the foreclosure of a mortgage constituted in its favor by Felipe Cuevas Arredondo, upon an estate belonging to him called 'Carmelitas,' situated in the *barrio* of Bajura, municipal district of Cabo Rojo, in this judicial district, with the boundaries set forth in the mortgage deed, applied for and obtained a writ of execution which was directed to the marshal of this court for enforcement. This estate was offered at public sale and finally awarded to the mortgage creditor in satisfaction of his claim, the official referred to executing the proper deed of sale in favor of the said Banco Territorial y Agrícola; subsequently the latter applied for and obtained from the court the issuance of a writ or order to the marshal, to be placed in actual possession of the estate. The marshal went to the estate to give the possession sought, but abstained from doing so owing to the opposition made by Felipe Cuevas y Padilla, who alleged at the time that he was in possession of said estate by virtue of a contract of lease, according to the statement of said official in the return which he attached to the writ returned without having been enforced. As a consequence, the court vacated the order of possession issued, but authorized the Banco Territorial y Agrícola to present a new motion for the same purpose, in order to give an opportunity to the possessor holding the property under a contract of lease, Cuevas y Padilla, to show cause why the bank should not be given such possession. The bank made a motion to this effect, notice of which was served on said possessor, who opposed it. A day was thereupon set for the hearing, which was had with the attendance of the respective counsel, who made their arguments and presented the documents which form part of the record of the court relating to the foreclosure of said mortgage, the defendant submitting in addition an instrument ratifying a private contract of lease executed before Mariano Riera Palmer, a notary of this city, the con-

tracting parties being Felipe Cuevas Arredondo and Felipe Cuevas y Padilla.

"The first question to be considered by the court is that relating to the conduct of the marshal in abstaining from giving actual and effective possession of the estate to the Banco Territorial y Agrícola. In the opinion of the court, this course was proper and the only legal course, as it recognized by implication in vacating the order of possession which it had issued against Cuevas Arredondo, the judgment debtor. In further support and corroboration hereof, and in order to dissipate any doubt whatsoever in the matter, it is sufficient here merely to reflect the opinion of eminent American writers, who expound the legal doctrine announced in innumerable opinions of the supreme courts of different States of the Union, to the effect that upon a sale of lands by a marshal or sheriff, the latter, in order to give possession, must have recourse to the summary remedy established by law for giving possession of land (writ of possession or writ of assistance) or an action of unlawful detainer. On this occasion the court has followed the practice observed in the State of California, by virtue of which the purchaser of a mortgaged estate sold at public sale, has the right to be given or granted a writ of assistance upon motion to be placed in possession of the estate, without having recourse to an action of unlawful detainer.

"The second question is that relating to the legal capacity of the defendant, Cuevas y Padilla. In this respect it must be stated, in accordance with the doctrine of American jurisprudence applicable in this case, that when one or more persons enter upon the real and actual possession of an estate *pendente lite,* such persons become subject to the jurisdiction of the court (*Fogarty* v. *Sparks,* 22 California, 148). A private contract of lease having been entered into between the execution debtor, Cuevas Arredondo, and the present defendant, Cuevas y Padilla, under date of May 8, 1904, that is to say, after the the institution by the Banco Territorial y Agrícola of the summary proceedings for the foreclosure of its mortgage, since which date the lessee entered upon the possession of the estate mortgaged, it is evident that said Cuevas y Padilla became from that moment subject to the jurisdiction of this court and with legal capacity to be heard on the motion made.

"The third question which is presented to the consideration of the court is the title upon which the defendant bases his opposition. Said title is an instrument executed on November 30, 1904, authenticated by Notary Mariano Riera Palmer, between Felipe Cuevas Arre-

dondo, as the owner of the estate mortgaged, and Felipe Cuevas y Padilla. By this instrument both parties ratify a private contract for the lease of said estate, entered into by the same parties on May 8, 1904. The court is of the opinion that this title is bad in that it is insufficient for the defendant, basing his action thereon legally to oppose, disturb or in any other manner prevent the possession of said estate from being given to the petitioner, because a lease of real property being involved, in order that such lease may effect a third person, it is necessary that it be recorded in the registry of property as an actual encumbrance on the estate, which circumstance is lacking in this case; or that, if not recorded, such lease shall have been constituted by express agreement or understanding with the mortgage creditor, which has not been shown either; therefore, the clear and specific provisions of section 1474 of the Civil Code in force are applicable to the question, in so far as it provides that the purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, in the absence of an agreement to the contrary, and the provisions of the Mortgage Law are also applicable here.

"But it is alleged that the Banco Territorial y Agrícola being subject to the right of redemption established in the new Code of Civil Procedure in favor of the owner of an estate or his legal successors, is included within the provisions of the last paragraph of said section, in so far as it prescribes that a purchaser with an agreement of redemption cannot use the right of dispossessing the lessee until the term for the use of the right of redemption has expired. This argument involves a lamentable judicial error which it is necessary to correct. It is true that the Code of Civil Procedure in force establishes a new right of a substantive character, as is the right of redemption, as a benefit in favor of the execution debtor, the owner of the estate, his legal sucessors or creditors under the encumbrance. This right of redemption of the estate sold constitutes a condition subsequent, imposed by operation of law, and, consequently, a real right of legal redemption, the proper place for which, according to juridical technicality, should be among the provisions of the Civil Code, as an addition to or extension of the legal redemptions therein mentioned (that coheirs, copartners, coowners, or owners of adjacent lands, of direct and indirect owners of the colitigant). Conventional redemption, or the right to purchase the thing sold, owes its existence to the will of the contracting parties, as distinguished from and in opposition to the former legal redemption, which emanates from the law itself, this being so current and usual in legal terminology, the allegation made

by the defendant falls at once by its own weight, as the paragraph transcribed applies solely to conventional redemption; that is to say, to the right of repurchase; and as it has not been shown that the Banco Territorial y Agrícola had made an agreement with the mortgagor as to such right to repurchase the estate mortgaged in the event of its judicial or extrajudicial sale, it is perfectly evident that the lessee cannot now properly invoke such provision in support of his refusal to deliver the possession of the said mortgaged real property. Nor is it true, juridically speaking, that the exercise of an action of unlawful detainer is involved in these proceedings, inasmuch as every action in general would have to be instituted in the manner and form determined in said code of procedure; that is to say, by the filing of the proper complaint prosecuted through all its legal stages, as a consequence of a contract of lease and by virtue of the causes specifically set forth in the Civil Code, and not by others already repealed by the amendments to the new code of procedure, which has established a real action for the recovery of possession. The procedure followed by the court is of a summary character and absolutely foreign to an action of unlawful detainer, which the petitioner has not brought, having confined himself solely to a prayer for the actual and real possession of the estate, as a consequence of the sale made, which possession can be granted by the court in this case by means of a writ of assistance or aid in other summary forms without the necessity of the petitioner having recourse to an action of unlawful detainer. It is true that the provisions of the new code of procedure appear to authorize in the matter of redemptions the legal contention of the defendant, that the purchaser of an estate sold at public auction in satisfaction of a judgment, cannot dispossess the lessee in possession of the estate, but that he must respect the use and occupancy of the same, and confine himself to collecting from the former the amount of the rental or profits until he shall obtain the final deed of sale converting the conditional, precarious, irrevocable ownership conveyed to him by the certificate of sale or transfer of the real property, executed by the marshal, into absolute and full ownership. Such legal contention, however, cannot be authorized by the court without violating the provisions of the substantive law referred to, which are in open opposition thereto, in accordance with the provisions of the Mortgage Law, which have not been repealed on this point in respect to leases of real property.

"It is well to state in passing, in order not to leave unchallenged an affirmation made by the applicant, that the right of redemption,

or legal redemption, whatever it may be called, is binding on purchasers of estates acquired at a public sale in execution of a judgment, whatever be the title of their credit or the origin of the obligation, and, therefore, binding on the mortgage creditors, who ceased to be such at the time the sale was made in their favor and for their own benefit; because the principal obligation being extinguished by the payment, the accessory mortgage obligation became extinguished also and, consequently, also the defects thereof, under the principle of *sublata causa tollitur effectus.* This is further so because the law does not make any distinction nor establish any exception or privilege in favor of the mortgagee to the prejudice of the mortgagor. If the mortgage has been extinguished, if it is dead *de jure* and *de facto,* it cannot be denied that the capacity of the mortgage creditor disappeared with it, who, after all, had not acquired any right to the ownership of the estate mortgaged by virtue of the constitution of the mortgage, which affects only the estate mortgaged, or rather, the value thereof, for the liability and security of the principal obligation to guarantee which it was constituted.

"Nor can the court take into consideration the argument advanced by the defendant, that the purchaser by the act of the sale of the mortgaged estate became substituted to the judgment debtor and acquired all his right, title, interest and claim thereto at any time during any subsisting lien thereon by attachment in the action, or by the entering of the judgment, in order to deduce from this argument that the Banco Territorial y Agrícola, being subrogated to the rights of the debtor, Cuevas y Arredondo, who is the lessor, is under any obligation to respect the lease made in favor of Cuevas y Padilla; and that, therefore, it cannot deprive the latter of the possession of the estate which he holds. But apart from the fact that the subrogation in this case is for the purpose of exercising rights and actions, and not for the fulfillment of obligations, and that the rights, titles, interests and actions referred to in the law of procedure, are none other, under a correct interpretation, than those which constitute the real right *par excellence,* which is ownership in its different significations, the subrogation being effected in contemplation of the thing or *jus in re,* but not in that of persons, or *jus ad rem,* the argument has absolutely no force after what has been stated with regard to the lease of real property.

"In view of what has been said, the court holds that the grounds alleged by the defendant, Felipe Cuevas y Padilla, are not accept-

able, and consequently, it is of the opinion that the law and the facts are in favor of the applicant.

"It is therefore held and ordered that the Banco Territorial y Agrícola be placed in real and actual possession of the 'Carmelita' estate, situated in the *barrio* of Bajura, municipal district of Cabo Rojo, in this judicial district, or such person as the former may designate to receive it in its name, and that the present tenant, Felipe Cuevas y Padilla, or any other person occupying the estate in his place, be ejected therefrom. The estate shall be fully described in the writ issued to the marshal of this court for the proper enforcement of this order, with the costs against the defendant.—Isidoro Soto Nussa, Judge."

From this order Felipe Cuevas Padilla took an appeal, and his counsel, Méndez and Acuña, filed in this Supreme Court a transcript certified by the secretary of the court of Mayagüez, of certain parts of the record of the proceedings, the subject-matter of this appeal.

The appellant submitted a brief, in which he set forth the facts stated in the order appealed from, adding the following conclusions of law:

First. That the contract of lease entered into by Felipe Cuevas Padilla and Felipe Cuevas Arredondo created in favor of the former a state of right authorized by sections 259 and 266 of the Code of Civil Procedure, according to which a lessee cannot be dispossessed of the property leased for a period of one year, which the said law grants the debtor, or any person interested, to redeem the property.

Second. That the contract of lease referred to being in every respect valid and legal, and in no wise opposed to the stipulations of the mortgage deed in favor of the respondent bank, it is evident that a decision of a court which takes neither it nor its legal effects into consideration violates the precepts of said legal provisions.

He prays that the appeal be allowed, with the costs against the respondent.

The respondent, which is the Banco Territorial y Agrícola de Puerto Rico, supplemented the record with a copy of the certificate of sale and other transcripts from the main record, and submitted a brief, maintaining the justice of the order appealed from, because, he stated, this question should be decided under the Civil Code and the Mortgage Law; but even a study of sections 259 and 266 of the Code of Civil Procedure, cited by the adverse party, will not place the appellant in the situation which he supposes, because the former substitutes the purchaser at a public sale of real property to the debtor with regard to his rights, title, interest and real and personal actions; but it does not subject him to his obligations and charges; and the latter provides that the purchaser shall have the right to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof, but it does not state that the purchaser shall have the obligation of respecting the lease, or, what amounts to the same thing, that the purchaser may choose between receiving the rents or terminating the lease.

A day having been set for the hearing, counsel for the respondent alone appeared, and made an oral argument in support of his contentions.

We think that there is no necessity of considering the allegations of the parties in support of their respective rights. This is a case similar to that of James W. Chapman, from the court of Mayagüez, in which Adolph G. Wolf, Jr., delivered the opinion of the court. In that case the nature of the order appealed from only was considered, and it was held that no appeal lay therefrom.

As a matter of fact, in this case also, if the provisions of the Mortgage Law and its Regulations are observed, these summary proceedings cannot be suspended by incidental issues, nor by appeals which may be taken by persons in any way interested, excepting the cases of suspension specifically enumerated in article 175 of said Regulations.

But here an order is involved which directs that the possession of an estate sold at public sale be given through the marshal of the court of Mayagüez.

This order is not the judgment referred to in the first and second subdivisions of section 295 of the Code of Civil Procedure, nor is it the judgment or order referred to in the third subdivision of said section, and, consequently, as no appeal lies from the order herein we recommend that the same be dismissed, without entering upon any other considerations, which would lead to nothing in this case.

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.